IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENALDO MEADOWS, | : | Civil No. 3:24-cv-952 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-ALLENWOOD LOW, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Renaldo Meadows ("Meadows") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") incorrectly calculated and applied his earned time credits under the First Step Act ("FSA"). (Doc. 1). For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Meadows' failure to exhaust the available administrative remedies.

**I.   Background**

Meadows is serving a 188-month term of imprisonment imposed by the United States District Court for the Eastern District of North Carolina for his conviction of narcotics related offenses. (Doc. 8-3). His current projected release date is December 10, 2024. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Meadows filed a total of eight administrative remedies. (Doc. 8-4). Only one of

those administrative remedies—number 1201875—pertains to FSA time credits. (*Id.* at p. 6). On June 6, 2024, Meadows filed Administrative Remedy Number 1201875-F1 at the institution level regarding FSA time credits. (*Id.*). Also on June 6, 2024, the remedy was closed. (*Id.*). Meadows filed an appeal to the regional level, designated as Administrative Remedy Number 1201875-R1. (*Id.*). The Regional Office accepted his appeal, and has until September 3, 2024 to address the appeal. (*Id.*).

In his § 2241 petition, Meadows alleges that he is entitled to 365 days of earned time credits under the FSA towards his release date, or 285 days of earned time credits under the FSA towards Residential Reentry Center/Home Confinement placement. (Doc. 1, p. 7). Respondent counters that the § 2241 petition must be dismissed based on Meadows' failure to exhaust his administrative remedies before proceeding to federal court. (Doc. 8). Alternatively, Respondent seeks dismissal on the following grounds: (1) the BOP properly calculated Meadows' FSA time credits; and (2) Meadows has no right to prerelease custody. (*Id.*). Because the record clearly establishes that Meadows failed to fully exhaust his administrative remedies, the Court does not reach Respondent's alternative arguments.

II.   **Discussion**

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed.*

*Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

Meadows' Administrative Remedy Generalized Retrieval report demonstrates that he failed to properly exhaust the claims in the instant habeas petition. (Doc. 8-4). On June 6, 2024, Meadows filed Administrative Remedy Number 1201875-F1 at the institution level

regarding a request for FSA time credit. (*Id.* at p. 6). On that same date, the remedy was closed. (*Id.*). Meadows then filed an appeal to the Regional Office on July 5, 2024, designated as Administrative Remedy 201875-R1. (*Id.*). That appeal remains pending, and per the Administrative Remedy Generalized Retrieval, the Regional Office has until September 3, 2024 to respond. (*See id.*).

Meadows concedes that he did not exhaust administrative remedies with regard to his FSA time credits and argues that exhaustion would be futile "[b]ecause of time limitations." (Doc. 1, p. 3; Doc. 2). However, he has not articulated any basis for his suggestion of futility. While the court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding the specific number of FSA time credits earned by Meadows. Meadows is not challenging the legality of BOP regulations or presenting an issue of statutory construction that might justify excusing him from the exhaustion requirement. He appears to argue that he should not have to exhaust his administrative remedies because the administrative remedy process could take months to complete, and he believes that he should be released before the process is completed. (Doc. 2). The Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground. Additionally, district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from

4

the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date. *See, e.g., Brown v. Sage*, No. 22-cv-325, 2022 WL 1295414, at *1-2 (M.D. Pa. April 29, 2022); *Malvestuto v. Martinez*, No. 09-cv-1339, 2009 WL 2876883, at *2-3 (M.D. Pa. Sept. 1, 2009); *Bartolotti v. Knight*, No. 22-cv-6137, 2022 WL 17959577, at *1-2 (W.D. Pa. Dec. 27, 2022); *Rosales v. Hollingsworth*, No. 15-cv-3840, 2015 WL 4314572, at *2 (D.N.J. July 14, 2015). Meadows' claim is the type of FSA time credit dispute that must first be presented to BOP officials and fully exhausted. Because Meadows did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed.

## III. Conclusion

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 19, 2024